IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CENTER FOR BIO-ETHICAL REFORM,
INC., et al.,

       Plaintiffs,       :       Case No. 3:03-cv-057

       -vs-       Chief Magistrate Judge Michael R. Merz

      : 

CITY OF SPRINGBORO, et al.,

       Defendants.

**DECISION AND ORDER DENYING MOTION TO STAY**

This case is before the Court on Motion of Defendants Steven Morris and Timothy Shaw to stay all proceedings herein pending a ruling by the United States Supreme Court on these Defendants' intended petition for writ of certiorari to that Court (Doc. No. 107). Plaintiffs oppose the Motion (Doc. No. 111) and Defendants Morris and Shaw have filed a Reply in support (Doc. No. 112).

Plaintiffs brought this action against Defendants Morris and Shaw under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)[1]. On December 30, 2005, District Judge Rose dismissed all claims with prejudice, granting all Defendants' motions for summary judgment (Doc. No. 92). On January 3, 2006, the Clerk entered final judgment dismissing the case with prejudice (Doc. No. 93). On February 21, 2007, the Sixth Circuit entered judgment affirming in part, reversing in part, and remanding for further proceedings (Judgment, Doc. No. 99). The Mandate effectuating that judgment was filed in this Court on August 23, 2007 (Doc. No. 100). On November 14, 2007, this Court was notified that Justice Stevens had extended the time for Defendants Morris and Shaw to file a petition for writ of certiorari to December 18, 2007 (Doc. No.

106). They advise this Court in the instant Motion that they will seek to raise the question of their entitlement to qualified immunity in this case.

## Authority of the District Court to Stay Proceedings

Plaintiffs assert that this Court does not have authority to grant the requested stay. They claim that the Sixth Circuit remanded the case only for trial on the First Amendment claims and is obligated to enter judgment on the Fourth Amendment claims. This position, of course, forms the basis of Plaintiffs' pending Motion for Summary Judgment and *in limine* (Doc. No. 103).

Plaintiffs are quite correct that neither Fed. R. App. P. 41 nor 28 U.S.C. § 2101 authorizes this Court to stay the mandate of the Court of Appeals. The former rule speaks to the authority to grant a stay by the Court of Appeals itself; the latter rule reserves such authority to either the court whose judgment is being reviewed or the Supreme Court.[2]

Defendants Morris and Shaw did not rely on 28 U.S.C. § 2101 in seeking a stay, but rather on the inherent power of all courts to control the disposition of causes on its docket. (Motion at 5, citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); and *Dellinger v. Mitchell*, 442 F. 2d 782, 786 (7th Cir. 1971). Plaintiffs' opposition depends on their interpretation of the mandate rule, for which they cite only district court cases from other circuits (Doc. No. 111 at 2[3]). The mandate in this case does not order this Court to enter judgment for anyone. The mandate in this case consists of the Sixth Circuit's opinion, judgment, and direction about costs. F. R. App. P. 41(a). The Judgment provides, as noted above, the this Court's judgment is "AFFIRMED IN PART, REVERSED IN PART, and the case is

---

[2]Defendants Morris and Shaw state their intention to seek a stay under 28 U.S.C. §2101 if the stay is denied here. Even thought the mandate has issued and indeed must be issued within seven days of denial of rehearing, § 2101 permits the "stay of execution and enforcement of such judgment. . . ." This Court assumes, therefore, that the Sixth Circuit could grant the relief Defendants Morris and Shaw seek under §2101.

[3]*United States v. Eisner,* 323 F. 2d 38 (6th Cir. 1963), stands for the proposition that filing a petition for certiorari does not automatically stay the judgment which is sought to be reviewed.

REMANDED for further proceedings consistent with the opinion of this court." (Doc. No. 99) The opinion itself says nothing different.

Without question, this Court is compelled to "proceed in accordance with the mandate and law of the case as established by the appellate court. *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir. 1997), quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir. 1973). *Obedientia est legis essentia*. But the mandate does not order this Court to enter judgment. Whether the law of the case doctrine compels entry of judgment on Plaintiffs Motion for Summary Judgment is a question not yet ripe for decision.

### The Exercise of Authority to Stay

Given the Court's authority to stay proceedings pending certiorari, should it do so? The parties rely on slightly different standards to argue this question. Defendants Morris and Shaw rely on law governing stays pending appeal generally. Those factors are 1) whether the appellants have shown a strong or substantial likelihood or probability of success on the merits; 2) whether they have shown irreparable injury; 3) whether the issuance of a stay would cause substantial harm to others; and 4) whether the public interest would be served by issuing a stay. *Ohio, ex rel. Celebrezze, v. Nuclear Regulatory Comm'n.,* 812 F.2d 288 (6th Cir. 1987). Plaintiffs in opposition rely on the narrower standard announced in *Packwood v. Senate Select Comm. on Ethics*, 510 U.S. 1319 (1994). There Chief Justice Rehnquist, as Circuit Justice for the D.C. Circuit, stated

> The criteria for deciding whether to grant a stay are well established. An applicant must demonstrate: (1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the applicant's position, if the judgment is not stayed. *Barnes v. E-Systems, Inc. Group Medical & Surgical Ins. Plan*, 501 U.S. 1301, 1302, (1991) (slip op., at 2) (Scalia, J., in chambers).

*Id*.

The Court agrees with Defendants Morris and Shaw that there is a reasonable probability that four Justices of the Supreme Court would grant certiorari in this case and a majority of at least five would vote to overturn the decision of the Sixth Circuit. The Supreme Court in recent years has been particularly solicitous of the doctrine of qualified immunity; it has taken many cases raising that issue and not infrequently reversed courts of appeals on the issue. See, e.g., from the 2006 Term, *Morse v. Frederick*, 127 S. Ct. 2618, 168 L. Ed. 2d 290 (2007)(the "bong hits for Jesus" case); *Scott v. Harris*, 127 S. Ct. 1769 (2007). These were two out of only sixty-eight cases, the smallest Supreme Court docket since the mid-19th century.

However, Defendants Morris and Shaw cannot demonstrate that they will suffer any substantial harm from denial of the stay. They argue, correctly, that the doctrine of qualified immunity protects public officials not only from liability, but also from suit and the inconveniences attendant on defending litigation. See generally *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Because qualified immunity is an immunity from suit as well as from damages, a public official who pleads a qualified immunity defense is entitled to have that defense decided before the case proceeds even to discovery. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). Had Defendants Morris and Shaw sought such relief, they would have been entitled to have their qualified immunity defense decided before any discovery took place and could have taken an interlocutory appeal from an adverse decision. However, they did not exercise that right in this case, but permitted the case to proceed to discovery without objection. They are not now faced with any additional discovery burden: discovery was completed in this case before the pre-appeal summary judgment motions were filed. After remand, the Court conducted a scheduling conference and no party suggested the need for any additional discovery in the case (See Scheduling Order, Doc. No. 102).

Thus the only immediate burden Defendants Morris and Shaw face is the burden of briefing the

currently pending Motion for Summary Judgment. That burden will fall entirely on the shoulders of their counsel and the performance of their important duties as special agents of the F.B.I. will in no way be impacted. A different situation might be presented if the case were set for immediate trial, but in fact the trial date is not until August, 2008. As Plaintiffs note, the Supreme Court is very likely to decide any petition for certiorari by that time. Of course, if the Court grants certiorari, this Court will then stay its proceedings. Thus Defendants Morris and Shaw will not suffer the harms which the doctrine of qualified immunity shields them from by denial of the stay.

Moreover, the stay will work harm to others. The asserted interference with Plaintiffs' constitutional rights occurred in June, 2002; even without a stay, it will be more than six years before they receive a trial. The other Defendants in the case also deserve finality and have not sought a stay[4]. Even without a stay, the Court was unable in September, 2007, to confirm a trial date in less than eleven months because of counsels' trial calendars. Unless the Supreme Court decides to grant certiorari, this Court is loathe to lose the currently set trial date.

For all of these reasons, although it has the authority to do so, the Court DENIES Defendant Morris and Shaw's Motion for Stay.

All Defendants who have not done so as yet shall file their memoranda in opposition to Plaintiffs pending Motion for Summary Judgment and in limine not later than December 21, 2007.

December 7, 2007.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

---

[4]The Springboro Defendants, however, have sought (Doc. No. 108) an extension of time to respond to the pending summary judgment motion which would have much the same effect as a stay, contending that it would be more appropriate to decide the issues raised by that Motion "closer to trial."